UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN D. WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3362** |
| **TANGIPAHOA PARISH JAIL, ET AL.** | **SECTION: "L"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Kevin D. Williams, a state inmate, filed this *pro se* federal civil rights action against the following defendants: the Tangipahoa Parish Jail; the St. Tammany Parish Jail; Walgreens, Inc.; Turn Key, Inc.; Tangipahoa Parish Sheriff Daniel Edwards;[1] Tangipahoa Parish President Robby Miller;[2] and Nurse Marie Johnson. In plaintiff's complaint,[3] he makes the following allegations:

After plaintiff's arrest, he was taken to the hospital because his blood pressure was high. At the hospital, he was given a prescription to be filled at Walgreens and discharged to the St. Tammany Parish Jail. He was then picked up from that jail by the Tangipahoa Parish Sheriff and transported to the Tangipahoa Parish Jail without his medication. At the Tangipahoa Parish Jail, his prescription was not filled until three days later. When he was finally given medication, he "started to feel strange and began to sweat and started to see stars." As a result, he was then transported to a hospital in New Orleans, where he was treated for low blood pressure for two days and then discharged back to the Tangipahoa Parish Jail. When he arrived back at the jail, he met inmate Calvin Brown. Brown informed plaintiff that Nurse Marie Johnson had put plaintiff's

---

[1] Edwards' first name in the complaint is incorrectly spelled "Danielle."
[2] Miller's first name in the complaint is incorrectly spelled "Robbie."
[3] Rec. Doc. 5.

medication in Brown's name "by mistake." Due to the medication mix-up, plaintiff was given the wrong medication, which caused his reaction and resulted in the hospitalization.

Federal law requires that this matter be screened. For example, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, screening is also required by 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[4] Regarding such lawsuits, the statute similarly provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the

---

[4] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

Here, even when plaintiff's complaint is liberally construed,[5] his federal civil rights claims are frivolous and/or fail to state a claim on which relief may be granted.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

---

[5] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Even putting aside the other defects evident in plaintiff's complaint,⁶ it is clear that his federal civil rights claims fail for the simple reason that there was no underlying constitutional violation in this case.

As noted, plaintiff's claims concern his medical care. However, an inmate's constitutional right to medical care is limited in scope. Specifically, regardless of whether the inmate is a pretrial detainee or a convicted prisoner, his federal constitutional rights with respect to medical care are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). Further, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. … [T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. … And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citations, quotation marks, and brackets omitted).

---

⁶ For example, plaintiff has named both the Tangipahoa Parish Jail and the St. Tammany Parish Jail as defendants. However, as mere buildings, the jails are not proper defendants. See, e.g., Johnson v. Tangipahoa Parish Jail, Civ. Action No. 21-1698, 2022 WL 1547764, at *5 (E.D. La. Apr. 25, 2022) ("The 'Tangipahoa Parish Jail' is not a proper defendant with respect to any type of § 1983 claim. The jail is simply a building, and, as such, is an improper defendant in a § 1983 action."), adopted, 2022 WL 1540610 (E.D. La. May 16, 2022); Roper v. Strain, Civ. Action No. 10-341, 2010 WL 923151, at *2 n.2 (E.D. La. Mar. 8, 2010) ("The St. Tammany Parish Jail is a building, not a 'person' subject to suit under § 1983."). Further, another named defendant, Walgreens, Inc., is a private corporation, and, absent special circumstances not alleged here, private corporations are not considered state actors. See, e.g., Wilkes v. Walgreen's Store, No. C 07-2010, 2007 WL 2222212, at *1 (N.D. Cal. July 30, 2007) ("Private citizens, such as employees of a private company such as Walgreen's, as well as Walgreen's itself, are not 'state actors' under § 1983."). Additionally, Tangipahoa Parish President Robby Miller is not alleged to have been personally involved in the events leading to plaintiff's injury, and such personal involvement is required for liability under § 1983. See, e.g., Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

In this case, plaintiff faults his medical care on two grounds. First, there was a three-day delay in obtaining his medication. Second, he was provided the wrong medication due to Nurse Marie Johnson's "mistake."[7] Although both of those incidents are regrettable, neither is a constitutional violation.

As to the claim concerning the three-day delay, "in order to maintain a viable claim for delayed medical treatment there must have been deliberate indifference, **which results in harm**." Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993) (emphasis added); Austin v. City of Pasadena, 74 F.4th 312, 328 (5th Cir. 2023) ("A delay in medical care violates the Constitution if there has been deliberate indifference that *results in substantial harm*." (quotation marks and brackets omitted)). Where, as here, an inmate fails to allege that a delay in receiving his medication resulted in substantial harm to him, he has failed to allege a constitutional violation. See Early v. Dallas County Jail's Medical Doctors, No. 98-10450, 1998 WL 857872, at *1 (5th Cir. Nov. 17, 1998); see also Romero v. Kail, 597 F. App'x 802, 803 (5th Cir. 2015).

As to the claim that Nurse Johnson's mistake resulted in plaintiff ultimately receiving the wrong medication, a nurse's action of "negligently or carelessly giving [an inmate] medication that was not prescribed for him is not a constitutional violation." Hubbard v. Dallas County Sheriff's Dept. Jail Staff, Civ. Action No. 3:18-CV-0653, 2020 WL 2842685, at *4 (N.D. Tex. May 5, 2020), adopted, 2020 WL 2839216 (N.D. Tex. May 31, 2020); accord Daniels v. Beasley, 241 F. App'x 219, 220 (5th Cir. 2007); Preston v. Normand, Civ. Action No. 10-1667, 2010 WL 5375966, at *5 (E.D. La. Nov. 17, 2010) ("[The inmate] conceded that [the nurse's] alleged provision to him of the wrong medication was an accident, resulting from negligence, and not intentional. Such allegations fail to state a cognizable federal Section 1983 claim as a matter of

---

[7] Rec. Doc. 5, p. 3.

law."), adopted, 2010 WL 5376345 (E.D. La. Dec. 14, 2010).  Simply put, "negligent medical care does not constitute a valid section 1983 claim." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  Rather, claims of negligence or medical malpractice arise under **state law**.  See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *4 (E.D. La. Nov. 13, 2013).

Lastly, to the extent, if any, plaintiff intended assert such state claims in this lawsuit, the Court should decline to consider them since he has no valid federal claim.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); see also Jackson v. Mizzel, 361 F. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").  If plaintiff wishes to pursue claims under state law, he should do so in the state courts.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims under state law, if any, be **DISMISSED WITHOUT PREJUDICE** to their being asserted in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this 4th  day of October, 2023.

                                                       **JANIS VAN MEERVELD**
                                                       **UNITED STATES MAGISTRATE JUDGE**